IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GEORGE K. HILL                                                      PLAINTIFF

v.                                                          No. 4:09CV61-M-A

INEZ CLIFTON, ET AL.                                               DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of George K. Hill, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, this case shall be dismissed under the doctrine of collateral estoppel.

### Allegations and Procedural Posture

The plaintiff was accused in a rule violation report of engaging in a sexual act with a kitchen supervisor. The plaintiff was found guilty of the infraction at a disciplinary hearing. After he was found guilty of the infraction, the plaintiff was placed in Unit 32 of the Mississippi State Penitentiary. The plaintiff then brought his claim through a suit filed in the Circuit Court of Sunflower County, Mississippi. The Sunflower County Circuit Court dismissed the plaintiff's allegations for failure to state a claim upon which relief could be granted.

### *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. "States may under certain circumstances create liberty interests which are protected by the Due Process

Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor state law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th n Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

The plaintiff in the present case has alleged only that he is currently housed in Unit 32 of the Mississippi State Penitentiary. He has not alleged facts to show that he faces "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin,* 515 U.S. at 2301. As such, these allegations fail to state a claim upon which relief could be granted.

## Collateral Estoppel

The plaintiff's claims in this case are barred by the doctrine of collateral estoppel (issue preclusion). Collateral estoppel precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*,

449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Under the doctrine of issue preclusion, the plaintiff's claims regarding whether the defendants violated his constitutional rights in prosecuting the rule violation report must be dismissed, as a valid judgment has been entered against the plaintiff in state court in Mississippi covering this issue. Therefore, the plaintiff's claims against all defendants must be dismissed under the doctrine of collateral estoppel.

In sum, all of the plaintiff's claims shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 3rd day of September, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**